**This order is SIGNED.**

**Dated: July 16, 2026**

**PEGGY HUNT**
**U.S. Bankruptcy Judge**

jn

Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br>DEE VAN WAGONER<br>WENDY DIANE VAN WAGONER<br>Debtors. | Case No. 25-27749<br>Chapter 13<br>Hon. Peggy Hunt<br>(Confirmation Hearing: *06/23/26 at 10:30 AM*) |

**ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN**
**FOLLOWING CONTESTED CONFIRMATION HEARING**

A hearing on confirmation of the Debtors' Chapter 13 plan was held on *06/23/26 at 10:30 AM*. At such hearing, the Standing Chapter 13 Trustee appeared personally or by counsel and the Debtors were represented by counsel.

Based on the Court's review of the case, the representations of the Trustee and Debtors' counsel, and the evidence presented and/or proffered at the hearing, the Court finds that the Chapter 13 plan meets the requirements of §§ 1322 and 1325 and hereby ORDERS AS FOLLOWS:

## CONFIRMATION OF THE PLAN

1. The proposed Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan"). Upon the entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

2. Confirmation is not a binding determination that the Plan complies with the 36 to 60-month term limits of § 1322(d). If at any time the Trustee determines that the Plan is not feasible because its term is greater than 60 months, the Trustee may serve a Notice of Non-Compliance on the Debtors and Debtors' counsel. The Debtors will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d). If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

3. Debtor(s) have elected not to provide an appraisal of their real property prior to confirmation of the plan. As a stipulation of confirmation, Debtors agree that if the real property is sold or refinanced during the pendency of the bankruptcy, the non-exempt proceeds of the sale shall be contributed to the plan as a lump sum payment that increases the plan base, and such proceeds shall be paid to the Trustee directly at closing.

## RETURN TO NONPRIORITY UNSECURED CREDITORS

4. The Plan shall return to nonpriority unsecured creditors the **greater of** the return provided for below <u>or</u> the pro rata distribution, if any, resulting from the minimum "Plan Base" calculated as follows: Plan Payments multiplied by the Applicable Commitment Period (36 or 60 months as stated in Part 8.1 of the Plan) plus all required contributions of tax refunds and other lump sum Plan contributions.

5. The Debtors shall make the payments described below until a minimum contribution is made to the Plan of $31,027.00. ($1,274.00 x 3 months plus $1,519.00 x 1 month plus $400 x 25 months plus $506.00 x 31 months). After the payment of the trustee's fee, secured claims, administrative claims, and priority claims, the balance, if any, will be distributed to nonpriority unsecured creditors pursuant to § 1325(b)(1)(B). This amount will be distributed *pro rata* on allowed nonpriority unsecured claims, not to exceed 100% of the total allowed amount of such claims.

**APPLICABLE COMMITMENT PERIOD**

6. As designated in Part 8.1 of the Plan this is an above-median case with an Applicable Commitment Period of 60 months, commencing with the first-scheduled meeting of creditors under § 341. Pursuant to § 1325(b), the Debtors must make no less than 60 payments to the Plan in the amounts set forth below.

**REQUIRED PAYMENTS AND CONTRIBUTIONS TO THE PLAN**

7. Plan Payments: By the 25th day of each month, the Debtors shall make Plan payments to the Trustee of $1,274.00 per month commencing with the date of the first scheduled meeting of creditors under § 341 (hereinafter the "Plan Payments"). Plan Payments shall change to $1,519.00 per month commencing on April 25, 2026, then changing to $400.00 per month commencing on May 25, 2026, and then changing to $506.00 per month commencing on June 25, 2028, until completion of the Plan.

a. Contribution to the Plan of Tax Refunds Over the Applicable Commitment Period. In addition to the monthly Plan Payments required above, the Debtors shall also pay into the Plan the total amount of yearly state and federal tax refunds that in the aggregate exceed $1,000. If such tax refund includes amounts from the Earned Income Tax Credit (EITC) and/or the Additional Child Tax Credit (ACTC), Debtors may retain up to a maximum of $2,000 of the tax refund based on the following formula: the first $1,000 as provided above, plus the combined amount of the EIC and ACTC up to an additional $1,000 (maximum retained tax refund cannot exceed $2,000) (hereinafter "Tax Refunds"). However, the Debtors are not obligated to pay into the Plan tax refunds that have been properly offset by a taxing authority and must provide evidence of such offset (tax transcript, letter from taxing entity indicating the offset amount – bank statements or screenshots of the taxing authority website is not sufficient). This requirement applies to all tax refunds that the Debtors are entitled to receive during the five-year period starting with the petition date (e.g., tax returns for tax years 2025 through 2029), subject to the following conditions:

(1) Pursuant to § 521(f)(1), the Debtor shall provide the Trustee with copies of the first two pages of the Debtors' state and federal tax returns, with such copies to be provided on or before April 30th of each year that falls within this three-year period. Failure to comply with this deadline will result in the Trustee filing a Motion to Dismiss.

(2) The required Tax Refund contribution, as calculated above, shall be paid into the Plan not later than June 30th of each year. Failure to comply with this deadline will result in the Trustee filing a Motion to Dismiss.

(3) Tax Refunds paid into the Plan may reduce the overall Plan term if it is greater than thirty-six (36) months, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan payments plus all Tax Refunds required to be paid into the Plan pursuant to the terms set forth above.

(4) If, after the completion of the Claims Review Process, the return to nonpriority unsecured creditors as set forth herein is the equivalent of a 100% return to such creditors, then the Trustee will have the discretion to issue a letter excusing the Debtors from compliance with this section of the confirmation order.

8. If during the term of the Plan the Debtor(s) file or amend tax returns for a prepetition tax year, the Debtors must provide the Trustee with the first two (2) pages of the federal and state tax returns within fourteen (14) days of their filing with the applicable taxing authority. Furthermore, any Tax Refunds must be paid to the Trustee within 7 days of the Debtors' receipt of the tax refund.

9. Within 30 days after receipt of the tax returns, the Trustee will calculate whether the best-interest-of-creditors test of § 1325(a)(4) requires a greater return to unsecured creditors and inform the Debtors and Debtors' counsel if the Plan must be modified. The Debtors will then have thirty (30) days to file a motion to modify the Plan to provide for the return required by § 1325(a)(4). Where possible, the Trustee will work with Debtor(s)' counsel to submit a stipulated order modifying the Plan. If the Debtor(s) fails to file such a motion to modify, the Trustee will move for dismissal.

10. All Plan Payments, Tax Refunds, or other monetary contributions made by the Debtors to the Plan are hereinafter referred to as the "Plan Contributions."

**CLASSIFICATION AND TREATMENT OF CLAIMS**

11. Trustee Fee. The Trustee is allowed the commission authorized by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only, and the Trustee's commission on each receipt will be in the amount fixed by the United States Attorney as of the date the trustee posts the receipt of the Plan Payment to the case.

12. Attorney's Fees: Debtors' counsel is awarded fees and costs in the total amount of $5,100.00 as an administrative claim under § 503(b). Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $1,100.00; therefore, the balance of $4,000.00 will be paid through the Plan. This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a fee application filed with the Court.

13. Adequate Protection Payments: Adequate protection payments under § 1326(a)(1)(C), are allowed as provided for in Local Rule 2083-1(d) designated in Part 8.1 and the Notice of Adequate Protection Payments (Local Form 2083-1-C).

14. Secured Claims: If a secured claim is provided for in the Plan, The Trustee shall disburse on secured claims only if all requirements under Local Rule 2083-2(c)(1) are met. All disbursements are subject to the Trustee having received monthly Plan Contributions. If the Plan provides for a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time administer such claim as a nonpriority unsecured claim pursuant to the terms of the Plan.

15. Mortgage Arrearage Claims.

a. If a proof of claim is filed asserting a mortgage arrearage, but such claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim. The Plan must be modified under § 1329 to provide for the payment of the arrearage claim no later than 30 days after the filing of the Trustee's

Report of Claims, or the Trustee will remove the reserve claim and no disbursements will be made on the filed arrearage claim. If the Plan is timely modified to authorize payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and address and the amount of the arrearage in the proof of claim.

b. The Trustee will cease any disbursements on a mortgage arrearage claim when an objection is filed to such proof of claim. The Trustee will likewise modify disbursements on a mortgage arrearage claim provided for in the Plan if such proof of claim is amended otherwise modified by Court order.

c. The Debtors shall maintain current contractual installment payments directly to mortgage creditors beginning with the first payment due after the petition date.

d. Post-petition mortgage payments will be made by the Debtors directly.

16. Secured Claims of Governmental Entities: Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount as set forth on the proof of claim, unless there is a determination of the amount of a secured claim under Federal Rule of Bankruptcy Procedure 3012(c). Secured claims of governmental entities will be paid pursuant to Local Rule 2083-2(d). Nothing in this paragraph shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

17. Rulings on Secured Claims. The Court hereby makes the following rulings on secured claims provided for by the Plan.

a. Secured Claim of Ally Bank – Court Claim No. 5-1 shall be paid directly by the Debtors, outside the Plan, pursuant to the conditions listed in Local Rule 2083-2(f)(3) and Local Rule 2083-2(i)(4).

b. Secured Claim of Quantum3 Group LLC as agent for GoodLeap– Court Claim No. 2 and its amendments]. The Plan provides for the valuation of the collateral securing this claim. The collateral is valued at $500.00 and the resulting secured claim will accrue interest at the rate of 8.50% per annum. The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value

and interest rate. The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

c. Secured Claim of Portfolio Recovery Associates, LLC – Court Claim No. 16 and its amendments]. The Plan provides for the valuation of the collateral securing this claim. The collateral is valued at $376,358.00 and the resulting secured claim will accrue interest at the rate of 8.25% per annum. The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value and interest rate. The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

18. Executory Contracts and Unexpired Leases: The Debtors will directly make postpetition lease or contract payments to creditors specifically identified under Part 6 of the Plan as assumed under § 365 pursuant to the conditions in Local Rule 2083-2(n).

19. Domestic Support Obligations: Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full or an amount as determined by separate motion under Federal Rule of Bankruptcy Procedure 3012(b).

20. Tax Claims:

a. If any additional tax liability is determined to be due after confirmation of the Plan, the Debtors may elect to modify the Plan under § 1329 to include payment of such liability.

21. Nondischargeable Student Loan Claims. Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims. To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtors shall remain liable on such claims after completion of the Plan.

22. Conditions for Disbursements on Unsecured Claims. Disbursements on allowed priority and nonpriority unsecured claims may commence after the Claims Review and Trustee's Report of Claims process found in Local Rule 2083-1(l) is complete and funds are available for the Trustee to make a distribution.

**DISTRIBUTIONS ON ALLOWED CLAIMS**

23. The Trustee will disburse all contributions to the Plan, including Plan Payments and Tax Refunds, pursuant to the following levels and priority of distribution found in Local Rule 2083-2(e):

a. Administrative Provisions Regarding Adequate Protection And Equal Monthly Plan Payments:

(1) If monthly Adequate Protection Payments or Equal Monthly Payments (LR 2083-2(e) Class 1) are specified on a claim, all accrued payments must be current through the date of distribution before the Trustee may disburse to a junior class, but Class 1 claims need not be paid in full prior to a junior class receiving a distribution. After payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to holders of Class 1 claims amounts greater than such designated payments to facilitate the prompt administration of the case.

(2) To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors, the Trustee may make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(3) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class.

**CLAIMS REVIEW PROCESS**

24. <u>Claims Review Process</u>. Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1), the Debtors shall file with the Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

25. Trustee's Report of Claims. Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee shall file and serve on all parties-in-interest a Trustee's Report of Claims ("TROC") that will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc.). If no objection is filed to the TROC within 21 days after service thereof, it shall be deemed final and incorporated into this Order. If a written objection to the TROC or an objection to a claim is filed within such 21-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions. Any such written objection to the TROC must be noticed for a hearing to be held within 30 days after its filing. If no written objection to the Amended Trustee's Report of Claims is filed within 21 days after service, it shall be deemed final and will be incorporated into the confirmation order.

26. Untimely Claims. Unless otherwise ordered by the Court, the Trustee will not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

## ADMINISTRATIVE PROVISIONS

27. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the Plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

28. The Trustee is granted authority to set procedures for making disbursements under the Plan. Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

29. If this case is dismissed, any Plan Contributions received by the Trustee prior to the entry of an order of dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtors. In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally

insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

30. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

31. During the term of the Plan, the Debtors shall not sell or transfer any property of the estate whether the collateral is provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If the Plan provides that the Trustee will make disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to the statutory commission on such amount as would have been received by the Trustee under the Plan. At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

32. Subject to the provisions of Local Rule 2083-1(n), during the term of the Plan Debtor(s) shall not incur any new debt without Court approval under § 364 of the Bankruptcy Code.

33. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtors' counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

34. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtors' failure to make timely Plan Contributions.

**END OF DOCUMENT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Order Confirming Chapter 13 Plan was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on July 8, 2026.

CHIP EARL WARREN PARKER, JR.
ECF NOTIFICATION

Lindsay Acuna /s/
Office of the Chapter 13 Trustee

**DESIGNATION OF PARTIES TO BE SERVED**

All parties listed on the mailing matrix or as otherwise ordered by the Court.